UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NITIN DADHWAL,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden,<br>Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01808-RBM-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Nitin Dadhwal's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a citizen of India who entered the United States on or about February 1, 2024 without being admitted or paroled.  (Doc. 1 ¶ 24.)  He was determined to be inadmissible, detained, and placed in full removal proceedings under Immigration and Nationality Act ("INA") § 240.  (*Id.* ¶¶ 25–26.)  On February 3, 2024, Petitioner was released on an Order of Release on Recognizance.  (*Id.* ¶ 25 (citing Doc. 1-2 at 2).)  Since then, he has resided continuously in the United States and complied with all immigration

1

requirements, including appearing for his scheduled ICE check-ins.  (*Id.* ¶ 28.)  At one of these check-ins, on or about February 18, 2026, Petitioner was arrested by ICE officers.  (*Id.* ¶ 29.)  Petitioner has not received a bond hearing.  (*Id.* ¶ 37.)

On March 23, 2026, Petitioner filed his Petition.  (Doc. 1.)  That same day, the Court set a briefing schedule.  (Doc. 2.)  On March 30, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response").  (Doc. 4.)  Petitioner filed his Traverse to Respondents' Return ("Reply") on March 31, 2026.  (Doc. 5.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his continued detention violates the INA and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 39–48.)  Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that Courts in this District have repeatedly reached the opposite conclusion," and that "the facts are not materially distinguishable" here.  (Doc. 4 at 2–3.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory

detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years. *Id.* at \*1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on or about February 18, 2026, after having resided in the United States for over two years. (Doc. 1 ¶¶ 24, 29.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at \*3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.   CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same conditions of his Order of Release on Recognizance. (*See* Doc. 1-2 at 2.)

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3

3:26-cv-01808-RBM-BLM

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the community or a risk of flight.[3]

**IT IS SO ORDERED.**

DATE:  April 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3] This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).